Monell, J.
I concur in the opinion that there is but one cause of action set out in the complaint. The plaintiffs claim to recover on the “ promise ” of the defendant to pay the balance of the purchase money, and the referee’s fee, in case the referee should decide that the title to the lots was good and valid. All that part of the complaint numbered “First,” and which may be denominated the “inducement” or conveyance to the action, was necessary to render the statement of the plaintiffs’ right to recover upon the promise clear and intelligible. Under the forms of pleading before the Code, it was usual, in a variety of actions, to state the inducement or the matter from which the cause of action originated. Thus in assumpsit for a wager, it was usual to state the matter from which the wager originated, before setting forth the wager and non-payment of it. In debt on a bail bond, it was necessary to state the delivery of the writ to the sheriff and the arrest, before stating the bond and breach. So in an action upon an award, the declaration usually stated the differences between the parties, before stating the submission. In the case before us, the statement of the sale of the. lots, the purchase by the defendant, the tender of the deed, and the refusal of the defendants to accept it, were necessary to make the promise clear and to furnish it with a sufficient consideration to support it. Upon all these facts taken together, there is enough, in my opinion, to constitute a cause of action to recover upon the defendant’s express promise to pay.
Ho subsequent tender of a deed was necessary. The refusal of the defendant to pay after the decision of the referee that the' title was good, made the action complete on the promise, and as there is nothing, in the agreement of submission to the referee, that a deed should be delivered on *660 payment of the purchase money, nor any such condition annexed to the promise, the plaintiffs are not obliged to allege any tender, in their complaint, The defendant must be left, therefore, to claim, by way of defense, that upon payment of the balance of the purchase money, the plaintiff's shall execute and deliver to him a deed of the lots, or to set up by answer any other defense he may have.
I concur in reversing the order at special term, upon the terms mentioned in my brother Robertson’s opinion.
Moncrief, J.
"Viewing the complaint as an entirety, and void as containing two separate and distinct causes of action, it seems to me there can be no question that the demurrer should have been overruled.
The demurrer alleges that the complaint does not state facts sufficient to constitute a cause of action, and thus concedes that it is to be considered as the statement of a single cause of action. (Gode, § 145.)
This view, however, does not accord with the points of the counsel for either of the parties, and may probably be said to have first occurred to the chief justice, presiding upon the argument of the appeal, On behalf of the defendant it was insisted that the action was for relief and not as the summons and the prayer of the complaint would indicate, an action upon a contract; and the counsel for the plaintiffs argued, assuming that the complaint contained two distinct causes of " action, and that the “part marked ‘second’ states a complete cause of action on contract.”
The statement may be considered as a narrative of the transactions connected with the subject of action, (Gode, § 167,) and the complaint therefore good, upon demurrer.